Please be seated. Thank you. Please call the next case. 11338, the Levy Co. v. George & Miller. Ms. Cappelletti, you're not exhausted. You're back. I'm back. Now we've got tomorrow morning's. Just warming up. Is that it? It's a long two days. Good afternoon, Justices Council. May it please the Court, Elizabeth Cappelletti on behalf of the Appellant Levy Company. I would respectfully submit that the Commission's decision to approve the settlement contracts in cases 06-WC-534 and 06-WC-7848 should be vacated. Now, I do want to apologize. I did not write the briefs in this matter. And I did note when I was preparing for the oral argument that they may not have conformed specifically to the Supreme Court rules. And so I apologize for that up front. But relative to the germane facts, the claimant sustained three separate injuries while working for the same employer. Each injury was covered under a separate insurance policy. So we have a first injury on June 14th of 2003 involving the claimant's left shoulder. Then we have an injury on September 23rd of 2005 involving his left and right shoulders. And then we have a third injury on June 16th of 2008 involving his neck and his lower back. All the cases were consolidated before Arbitrator Cronin on March 2nd, 2009, for the purposes of hearing. On May 25th, 2012, the claimant filed a motion to sever the two earlier cases from the latest filing, alleging that the injuries were distinct and that he wished to proceed with settlement on the first two injuries. The employer objected and filed a response on June 14th of 2012 on the grounds that until a full hearing on the merits was undertaken, there was no way to determine the claimant's current condition of ill-being. Was it one indivisible condition of ill-being, or was it separate? Ms. Capilotti, I've got a couple of questions for you. Sure. Your first argument in your brief says that the Commission was without jurisdiction to approve the settlement contracts for the two of the three consolidated cases. You don't cite a single case in support of that proposition. Well, I believe that they did not have jurisdiction. Okay. So I think subject matter jurisdiction is always an issue before this Court, whether at any time. Yes. And I believe that they lacked the requisite subject matter jurisdiction because the claimant filed a petition for review. He filed one on July 19th of 2012, and at that time he marked on the petition for review, request for oral argument. And Section 19E of the Act states, and it says shall, it says if either party requests an oral argument, the Commission shall set it for argument before a three-member panel of Commissioners. So at that point, the Act, I mean, we all know that the Commission has no general powers. They only get, they only derive their powers from the Act. So at any time anyone says I want an oral argument, they can never settle a case? Pardon me? So when someone says I want an oral argument, they can never settle a case? No, I don't think that's a, well. Well, I wouldn't answer your argument. No. My argument is if some of the contracts are contested, which they were in this circumstances, and a petition for review is filed, which is what was done, that an oral argument is requested, that it must go before all three Commissioners. And therefore, Commissioner Lamborn did not have jurisdiction to act by himself on the settlement contracts. I'm not saying you can't settle a case. I'm saying it's up for the whole Commission panel to determine whether or not. In case law, it says the whole Commission has to be there to approve the settlement. There isn't a case cited in this brief. This is all under forfeiture under 341. This brief is horrid. And we recognize what you initially told us about preparation of the brief. So that is why I'm trying to combine my arguments to subject matter jurisdiction, because I appreciate the arguments in the brief may need a little more substantive case law. So my argument is because of the fact that under Section 90E, the Commission did not, Commissioner Lamborn himself didn't have jurisdiction because the petition for review was filed. The claimant filed the petition for review saying, hey, Commission, look at this, marked a request for oral argument. We're talking about a settlement. We're not talking about Commissioner Lamborn didn't decide the case on his own or purport to decide the case, did he? He approved settlements, correct? He approved settlement contracts that were contested by the employer. And it was just the employer. Wait a minute, wait a minute. Who entered into the settlement contract? You're fighting for an insurance company. You're not fighting for an employer. We know what's going on here. The employer agreed to these settlements. It just wasn't for the period of time of the insurance policy that you wanted them to agree to it for. We know what's going on here. This is a fight amongst insurance companies. Sure. I'm not contesting that. There were three separate dates of accident and three separate insurance companies. But one employer. One employer. And that's correct. You represent the employer. So why don't you decline to pay on your insurance policy because your employer jeopardized your rights of defense? Handle it amongst the insurance companies. Why do you drag the Petitioner in here? I believe that I definitely have a duty to defend whether or not, you know, we had a duty to demonstrate that that may be another approach to it. But I am saying. You know how to handle this. I am saying that the commission didn't have, and when I say the commission, Commissioner Lamborn didn't have jurisdiction. Even though your side went in, this was not an ex-party settlement conference, was it? No. The employer objected. They objected to Commissioner Lamborn doing exactly what he wanted to do. The insurance company was represented. By Chartist. Right. So let me just say. By Chartist. What standing does the insurance company have to object to something that, I mean, each of you represent the employer. The employer is the party. Right. How does the employer, represented by one law firm through one insurance company, even object to what the employer agreed to? The objection stems from actually this honorable course holding in the city of Chicago, but you have to look at the current conditions. Well, we understand about all that, but I'm talking about, like, there's only one party here, and it's the employer. The insurance company is not the party, right? No, I don't believe they. I mean, they can be, but I believe it was only. Ms. Copeland, let me ask you a question. Can a party who engages in an agreed order ever appeal from that order? The answer to that, you and I both know, is no. You know the answer to that. I do know that. How do you get around that? Tell me how we get around this. Well, I believe the fact that there are separate dates of accidents and separate issues that are involved in each date of accident does allow the employer to, I mean, they can take, an employer itself can take contrary standings when it proceeds before trial. What you're going to get caught in a pincer is your second issue. Pardon me? Your second issue says, again, without any form of legal support, that it will be, your leaving will be prejudiced in its efforts to defend case 8WC38667 before an arbitrator because of these prior settlements. Now, there's no authority for that proposition in this brief, so we don't have anything. But my question before you is, how are you prejudiced? Why can't you defend that case by saying, wait a minute, this injury has nothing to do with the event on the date that we were the insurer. It has to do with something that's already been settled. Why do you have a problem with that? Because I think it falls back to the City of Chicago and the Baumgartner case that you need to have all of those facts at trial. Why can't you have those facts at trial? For the commission to thereby apportion it if there are distinct injuries versus, is there just one? So because the case is settled, you can't have any, you can't bring in any evidence? Is that what you're saying? I'm not sure. Well, I can certainly bring evidence. I mean, I guess it's a classic empty chair defendant defense. But then... You want to have it both ways in all of these issues? You did a remarkable job of tap dancing. Well... I think the bottom line is you can't have it both ways on every issue. It's a tough issue to be, I mean, it's a tough position to be in. What I really am saying is I don't believe that the commission had authority to approve the contested settlement context. The employer voluntarily appeared and both sides signed off. The employer relative to those two case numbers did. The employer relative to the third case number did. It's all the employer. I mean, what about the principle of invited error? Pardon? I mean, you know, I mean, even if it was error, I mean, the employer invited the error by agreeing to the settlement. That's the party here. The employer is the party. Sure. And there is some, I guess there would be case law out there about their cooperation. I think Justice Hoffman was indicating that. Can I ask you, not only an insult to injury, you're the epilogue. You were supposed to give us a record. We don't even have the report of proceedings to support your claim of error. It wasn't filed as part of the record. Well, I am going, I did try to pull out the record when I took over this case, but it was already out to your honors, so I couldn't access the record. So I'm going from the brief in the table of context on the record. In the table of context on the record, they do cite to the four-page hearing before arbitrator Cronin. Yes, in the brief they do. Okay. There's no record of it. All right. So I went from the table of context. So where do we go from there? On the record of appeal. Do we falch it? Should we falch the whole appeal? No. Is that better for you than knocking it out of the brief before you want to read to it? I mean, what do we do with this? Go back to position A. You're taking a beating for something that's not your fault. We understand. I'm trying my best to answer your questions. But at least you're doing it with a smile. I'm being mindful of the fact that the record on appeal may not have been as complete as it should have been and potentially should have been supplemented. I do think that some of the ñ a lot of these hearings, though, were done off the record. So I ñ May very well be. And so when you say that they're not all there, I think a good amount of the hearings were done off the record. I would just end with the fact that I believe that the Commission did not have ñ and I believe that the Commission did not have jurisdiction. We're back to subject matter jurisdiction because I feel that that's ñ that keeps me within the rules. Thank you, Justice. You'll have time on 5. Okay. Counsel, you may respond. Good afternoon, Your Honors. My name is Larry Coven, and I represent George Merlos in all three cases. And you don't want to belabor the argument, do you? No, I don't really want to get much into this. I'm not sure that there's much more to add, although I will tell you that the hearing before Commissioner Lamborn was attended by representatives on all three cases, all representatives of Levy. And a full hearing was held in front of Arbitrator Lamborn in Chambers where he discussed all merits of the cases, asked for case law, asked for supporting briefs. Everything was given to Arbitrator ñ Commissioner Lamborn. And subsequent to that, he approved the settlement contracts. So even if the argument ñ I guess the only real question, although there is no law in support of it ñ Yep. ñ brief, where did that commissioner get the authority to hear the ñ So what transpired ñ what transpired is I was a witness, and Mr. Goldberg, who is an attorney on one of the earlier cases, happened is when Arbitrator Cronin rejected the settlement contracts as is common practice, all three of us walked over to the clerk that assigns cases to the commission together. And she rolled her little wheel and pulled Commissioner Lamborn's hand out of the wheel and said, he's the next one up, go and see him. And we walked down the hallway to Commissioner Lamborn, and he took us straight into his office, heard everything and said, get me your law, your briefs, your support by, I believe it was the end of the day tomorrow. That was like a Thursday or a Friday. And Tuesday morning, my phone rings and says, come pick up your approved settlement contracts. Okay. And that's what transpired. Now ñ You clearly participated in it by the employer and all parties, right? Yes. Okay. Three cases, three levy attorneys present, three different insurance companies. Everybody was there. Now, there are rules of the commission on what's supposed to happen if there's a rejection of a settlement contract. Yes, sir. Yes, Your Honor. And it says, when a settlement contract has been rejected by an arbitrator and the venue of said case lies in Cook County, it should be the duty of the arbitrator to notify the industrial commission whose function it shall be is to transfer the case to a new arbitrator chosen randomly from all arbitrators located in Cook County, 7070.40C. I can tell you that, Your Honor. That's the rule. I'm not suggesting the commission doesn't have jurisdiction to do it themselves. All three of us walked over to that clerk with Arbitrator Cronin because he held the contracts in hand, and he handed those contracts to the beloved Betsy that we all know over at the counter, and Betsy took the contracts and signed us to Lambourne and walked us to Lambourne. So we were escorted to that desk by Arbitrator Cronin. So I don't have any dispute to you with the rule, Your Honor, but that's not ñ In my years of commission, what happened that day is what's happened on any other situation where we've been moved from an arbitrator to a commissioner. Okay. Thank you. Thank you. You may reply. I just wanted to bring up, since you spoke about it, Justice Hoffman, it also says on 77.30 where there are contested petitions for lump sum settlement, which this same manner as petitions for review. And so I would say in conjunction with this rule as well as the fact that the claimant did file a petition for review, it should have been heard by the whole commission and not just Commissioner Lambourne. Thank you. Thank you, counsel, both. This matter will be taken under advisement and written disposition. Shall we issue?